IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              **Case No. 12-40057-01-RDR**

SANDRA GWEN KORB,

        Defendant.

## **O R D E R**

This matter is presently before the court upon defendant's motion to extend the deadline for pretrial motions, which is presently June 5, 2012. Defendant's counsel states she needs additional time to review the voluminous discovery that has been provided by the government. She seek an additional sixty days in which to file pretrial motions. The defendant notes that the government has no objection to this motion.

The defendant is charged in a three-count indictment with one count of social security fraud in violation of 42 U.S.C. § 1383a(a)(3) and two counts of theft of government money in violation of 18 U.S.C. § 641. She has been released on pretrial conditions. This is the defendant's first request for an extension of time to file pretrial motions.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the

ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

After full consideration, the court finds that the denial of the requested extension may deny counsel and defendant the time necessary to adequately prepare for trial, taking into account the exercise of due diligence. The court believes that the requested continuance is in the interests of the public and the parties because it will facilitate a fair, just and efficient resolution of this matter.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance

requested constitutes excludable time under 18 U.S.C. § 3161(h)(7). The defendant shall have until August 6, 2012 in which to file pretrial motions. The government shall have until August 16, 2012 in which to file its responses. The hearing on all pretrial motions in this case shall be held on August 30, 2012 at 10:30 a.m.

**IT IS THEREFORE ORDERED** that defendant Korb's motion to extend deadline for filing pretrial motions (Doc. # 11) be hereby granted. The deadline for filing pretrial motions shall be extended to August 6, 2012. The government shall have until August 16, 2012 in which to file its responses. The hearing on all pretrial motions in this case shall be held on August 30, 2012 at 10:30 a.m.

**IT IS SO ORDERED.**

Dated this 14th day of June, 2012 at Topeka, Kansas.

          s/Richard D. Rogers
          United States District Judge